UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELIABLE SALVAGE AND TOWING, INC.,

                Plaintiff,

-vs-                                        Case No.  2:09-cv-329-FtM-99SPC

35' SEA RAY its engines, tackle, equipment,
apparel, appurtenances, etc., in rem; MICHAEL
BIVONA in personam,

                Defendants.
_____

**ORDER**

     This matter comes before the Court on the Defendant, Michael Bivona's Motion for a New Trial (Doc. #75) filed on May 2, 2011.  The Plaintiff, Reliable Salvage and Towing, Inc.'s Response in Opposition (Doc. # 79) was filed on May 16, 2011.  The Motion is now ripe for review.

     On January 19, 2011, the case was tried before the undersigned resulting in a judgment in favor of the Plaintiff in the amount of $14,000.00 plus attorney's fees.  The Defendant moves the Court to open the Judgment to take additional testimony with regard to the amount of the judgment awarded against the vessel *in rem* and with regard to the Court's findings of fact and conclusions of law on attorney's fees and to direct the entry of a new judgment in line with the Defendant's request.

     Rule 52(b) provides that a court may amend its findings, or make additional findings, on a party's motion filed no later than ten days after the entry of judgment. This motion may be accompanied by a motion for a new trial under Rule 59. Fed.R.Civ.P. 52. "The purpose of [Rule 52] is to allow the court to correct plain errors of law or fact, or, in limited situations, to allow the parties to present newly discovered evidence, but not to allow the relitigation of old issues, a rehearing on

the merits, or the presentation of new theories of the case." National Union Fire Ins. Co. v. Liberty Mut. Ins. Co., 2008 WL 3851496 *1 (S.D. Fla. August 14, 2008) (citing Hannover Ins. Co. v. Dolly Trans Freight, Inc., 2007 WL 170788 at * 2 (M.D.Fla. Jan.18, 2007)) Federal Rule of Civil Procedure 59(a)(2) governs motions for a new trial in non-jury cases.

>  Fed. R. Civ. P. 59(a)(2) reads in pertinent part:
>> [I]n an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

However, "[a] motion for a new trial in a non-jury case should be based upon manifest error of law or mistake of fact, and a judgment should not be set aside except for substantial reasons." Sziranyi v. Allan R. Dunn, M.D., P.A., 2009 WL 6613676 *1 (S.D. Fla. October 30, 2009) (citing Hannover Insurance Co. v. Dolly Trans Freight, Inc., 2007 WL 170788 *2 (M.D. Fla. Jan. 18, 2007)). Requests pursuant to Rule 52 and Rule 59 are to be granted sparingly, and only when dispositive factual matters or controlling decisions of law were brought to the Court's attention, but not considered." National Union Fire Ins. Co., 2008 WL 3851496 at *1(citing Hannover Insurance Co., 2007 WL 170788 at *2).

As grounds to reopen the Judgment, the Defendant states: (1) the Court awarded an amount of $14,000.00 was in excess of the Defendant's bond of $9,500.00 and therefore, the award must be lowered, and (2) the Court did not take into account the Defendant Bivona's offer of settlement for the full amount owed to the Plaintiff. The Plaintiff responds that the Court considered all of the evidence presented at trial and there is no good cause to reopen the evidence.

### *(1) Whether the Judgment Award Should be Reduced*

The Defendant argues <u>Industria Nacional Del Papel, Ca., v. M/V ALBERT F</u>, 730 F. 2d 622, 626-627 (11th Cir. 1984) that the judgment award cannot exceed the value cost of the bond itself. However, the Eleventh Circuit also noted the general rule that admiralty court will not give a personal judgment against the owner of a vessel in excess of the amount of the release bond is changing. <u>Id.</u>  As the <u>Industria Nacional</u> Court noted, courts have used their equitable powers to grant an award in excess of the bond. <u>Id.</u> (citing <u>The Fairisle</u>, 76 F.Supp. 27 (D. Md.1947), *aff'd sub nom.,* <u>Waterman S.S. Corp. v. Dean</u>, 171 F.2d 408 (4th Cir.1948) (finding the district court granted judgment for $45,000 after the ship had been released on a $25,000 bond).

Furthermore, in <u>Industria Nacional</u> the posted bond covered the value of the vessel itself. Here, the bond was filed to cover the cost of the Plaintiff's salvage services claim of $7,523.10.  The Court entered a judgment against the Defendant, *in personam*, in the amount of $14,000.00 based upon the salvage work performed by the Plaintiff. The value of the bond is not equated with the value of the vessel but the value of the salvage service performed by the Plaintiff.  Thus, the Plaintiff failed to provide sufficient good cause to reduce the amount of the Judgment against the Plaintiff.

### *(2) Whether New Evidence Should be Submitted*

"Where the practice permits a partial new trial, it may not properly be resorted to unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." <u>Hannover Insurance Co.</u>, 2007 WL 170788 at *2 (citing <u>Gasoline Products Co. v. Champlin Refining Co.</u>, 283 U.S. 494, 500 (1931); *see also* <u>Overseas Private Inv. Corp. v. Metropolitan Dade County</u>, 47 F.3d 1111, 1113 (11th Cir.1995) (quoting same). A motion for new trial in a non-jury case should be based upon manifest error of law or mistake of

fact, and a judgment should not be set aside except for substantial reasons. Id. (citing Ball v. Interoceanica Corp., 71 F.3d 73, 76 (2d Cir.1995) (quoting 11 Charles A. Wright et al., Federal Practice & Procedure § 2804, at 53 (2d ed.1995)). A trial court should not grant a new trial merely because the losing party could probably present a better case on another trial. Hannover Insurance Co., 2007 WL 170788 at *2.

The Defendant argues the Court should reopen the judgment and allow evidence to be presented that the Defendant offered to settle the claims. In the Findings of Fact and Conclusions of Law (Doc. # 65), this Court concluded that an award of attorney's fees in this case was valid because the Plaintiff willfully and persistently refused to pay the plaintiff what was plainly owed to him. Southeastern Marine, LLC. v. Motor Yacht Ocean Club, 2010 WL 2540701 * 5 (M.D. Fla. June 21, 2010). he Defendant states that he offered to settle the case for the full amount but the Plaintiff refused due to the attorney's fees incurred during the pretrial stage of this case. The Plaintiff responded that the Defendant had ample opportunity to testify as he took the stand himself and testified at length. Thus, the Defendant argues that whatever the Plaintiff wanted to tell this Court he should have done so when questioned by his own counsel.

The Defendant's argument lacks merit. Courts have found that an award of attorney's fees in an admiralty dispute is valid when one party willfully and persistently refused to pay the plaintiff what was plainly owed to him. Id. (citing Vaughan v. N.J. Atkinson, 369 U.S. 527, 530-31, 82 S. Ct. 997, 8 L. Ed. 2d 88 (1962)); Compania Galeana v. M/V Caribbean Mara, 565 F. 2d 358 (5th Cir. 1978) (holding that granting attorney's fees was discretionary in admiralty actions and specifically in salvage cases). The Defendant went for nearly three years without settling the issues in this case. He readily admitted during his testimony that he owed the funds and that the Plaintiff had not acted

in bad faith in salvaging the 35' Sea Ray yet he took the Plaintiff fully to trial. While the Defendant states that he offered to settle the action he does not state when the offer was made. For example, if the offer was made during mediation just before trial then he caused years of litigation and hardship on the Plaintiff by not paying a debt he readily agrees that he owed and thus acted in bad faith. If the offer was made earlier in the proceedings and the Defendant merely omitted the evidence when he knew all along he made the offer, and the evidence was available to him, as it was in this case, then his Motion still lacks merit. Evidence that was merely not offered into evidence at trial does not support a motion to amend the judgment. Drain v. Virtual Geosatellite Holdings, Inc., 241 F.R.D. 48, 50 (D.D.C. 2007); Hannover Insurance Co., 2007 WL 170788 at *2 (A trial court should not grant a new trial merely because the losing party could probably present a better case on another trial).

Thus, the Court finds no error was committed and that neither a new trial nor amendment of the Court's Findings of Fact and Conclusions of Law is necessary.

Accordingly, it is now

**ORDERED:**

The Defendant, Michael Bivona's Motion for a New Trial (Doc. #75) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of May, 2011.

*SheriPolsterChappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record