UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RELIABLE SALVAGE AND TOWING, INC.,

    Plaintiff,

-vs-                                      Case No. 2:09-cv-329-FtM-99SPC

35' SEA RAY its engines, tackle, equipment,
apparel, appurtenances, etc., in rem; MICHAEL
BIVONA in personam,

    Defendants.
_____

**ORDER**

    This matter comes before the Court on the Plaintiff, Reliable Salvage and Towing, Inc.'s Motion for Additional Security (Doc. #66) filed on April 13, 2011. The Defendant filed his Response in Opposition (Doc. # 66) on April 13, 2011. The Plaintiff subsequently filed a Supplement to its Motion (Doc. # 70), on April 19, 2011, which the Court construed as a Reply Brief. The Court, upon Motion by the Defendant, granted leave for the Defendant to file a Sur-Reply (Doc. # 74), which was filed on April 29, 2011. A hearing was held before the undersigned on June 1, 2011. Attorney Frank Butler, Esq. appeared on behalf of the Plaintiff Reliable Salvage and Attorney Eric Thiel, Esq. appeared on behalf of the Defendant Michael Bivona. The Motion is now ripe for the Court's review.

    On November 17, 2009, this Court filed an Order granting the Plaintiff's Motion to arrest the 35' Sea Ray and directed the Clerk of the Court to issue a Warrant for the Vessel's Arrest. In order to prevent the seizure and retention of the vessel, the Defendant filed a bond in the amount of

$9,500.00, to cover the cost plus interest of the Plaintiff's Claim for $7,523.10. On January 19, 2011, the case was tried before the undersigned resulting in a judgment in favor of the Plaintiff for pure salvage in the amount of $14,000.00. The Plaintiff now moves the Court to issue an order directing the Defendant to increase the amount of his bond to $17,736.14, to account for the Court's Judgment plus interest.

The Plaintiff argues that since the amount of the Court's Judgment is $14,000.00, the Defendant's original bond is now insufficient to cover the Judgment and interest. Therefore, under the Supplemental Rule E(6), the Plaintiff moves to increase the amount of the bond. The Defendant argues that the Court may not direct him to increase the amount of his bond because the bond was a special bond pursuant to Supplemental Rule E5(a) which does not allow for increasing the amount of the security.

The Supplemental Rules state in pertinent part:

> [w]henever security is taken the court may, on motion and hearing, for good cause shown, reduce the amount of security given; and if the surety shall be or become insufficient, new or additional sureties may be required on motion and hearing.

Fed. R. Civ. P. Supp. R. E(6). Thus, the Rule for increasing or decreasing the amount of a bond is governed by Supplemental Rule E(6).

However, in this instance, the posted bond covered the initial claim for salvage services in the amount of $7,523.10 plus interest and was issued in an agreement between the Parties to prevent the arrest of the 35' Sea Ray vessel. The 35' Sea Ray was released in exchange for the Defendant's bond. The effect of the release was to transfer the lien from the ship to the fund the security represented. The Court subsequently entered a judgment against the Defendant Bivona, *in personam*, based upon the salvage work performed by the Plaintiff. Thus, the lien against the 35' Sea Ray was

discharged for all purposes and the vessel cannot be liable in rem for the same claim. <u>Industria Nacional Del Papel, Ca. v. M/V ALBERT F</u>, 730 F. 2d 622, 626-627 (11th Cir. 1984). As such, the Court will not raise the bond at this point in the proceedings.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Reliable Salvage and Towing, Inc.'s Motion for Additional Security (Doc. #66) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   2nd   day of June, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE


Copies: All Parties of Record