**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

RELIABLE SALVAGE AND TOWING, INC.,

                Plaintiff,

-vs-                                             Case No.  2:09-cv-329-FtM-99SPC

35' SEA RAY its engines, tackle, equipment,
apparel, appurtenances, etc., in rem; MICHAEL
BIVONA in personam,

                Defendants.
_____

**<u>ORDER</u>**

      This matter comes before the Court on the Plaintiff, Reliable Salvage and Towing, Inc.'s

Motion to Determine Amount of Attorney's Fees and Tax Costs (Doc. # 68) filed on April 18, 2011.

On January 19, 2011, the case was tried before the undersigned resulting in a judgment in favor of

the Plaintiff in the amount of $14,000.00 plus attorney's fees.  The Plaintiff's attorney, Frank Butler,

Esq. submitted his Affidavit (Doc. # 69) in support of his Motion for Attorney's Fees and Costs on

April 18, 2011.  The Defendant, Michael Bivona, filed his Response in Opposition (Doc. # 86) on

June 3, 2011.  The Motion is now ripe for the Court's review.

*I. ATTORNEY'S FEES*

      The Defendant objects to the imposition of fees on several grounds.  First, the Defendant

maintains his position that attorney's fees are improper in a maritime case.  The Defendant also

contends that time spent working on the *In Rem* claim against the 35' Sea Ray vessel is not

recoverable, under the American Rule, because the Plaintiff was not the prevailing party on that

issue.  Finally, the Defendant states that the  issues in this case were not complex and that very little

in the way of pretrial motion practice or discovery was required.  Therefore, the Defendant argues that the attorney's hourly rate and hours expended are not reasonable.

### (1) Whether the Attorney's Fees and Costs Should be Awarded

Generally, under federal maritime law, a prevailing party is not entitled to attorney's fees in an admiralty case unless fees are statutorily or contractually authorized. Stires v. Carnival Corp., 243 F. Supp. 2d 1313, 1323 (M.D. Fla. Nov. 7, 2002) (citing Coastal Fuels Marketing, Inc. v. Florida Exp. Shipping Co., Inc., 207 F.3d 1247, 1250 (11th Cir. 2000) (citing Galveston County Navigation District No. 1 v. Hopson Towing Co., Inc., 92 F.3d 353, 356 (5th Cir.1996)); Noritake Co., Inc. v.M/V Hellenic Champion, 627 F.2d 724 (5th Cir. 1980) (absent specific federal statutory authorization for an award of attorney's fees, the prevailing party is generally not entitled to those fees); Garan, Inc. v. M/V Aivik, 907 F. Supp. 397, 399 (S.D. Fla.1995) (holding that federal maritime common law preempted state statute that permitted recovery of attorney's fees)).

However, as noted in the Court's Findings of Fact and Conclusions of Law, courts have found that an award of attorney's fees in an admiralty dispute is valid when one party willfully and persistently refused to pay the plaintiff what was plainly owed to him. Southeastern Marine, LLC. v. Motor Yacht Ocean Club, 2010 WL 2540701 * 5 (M.D. Fla. June 21, 2010) (citing Vaughan v. N.J. Atkinson, 369 U.S. 527, 530-31, 82 S. Ct. 997, 8 L. Ed. 2d 88 (1962)); Compania Galeana v. M/V Caribbean Mara, 565 F. 2d 358 (5th Cir. 1978) (holding that granting attorney's fees was discretionary in admiralty actions and specifically in salvage cases). Southernmost Marine Services, Inc. v. One (1) 2000 Fifty Four Foot, 250 F. Supp. 2d 1367, 1381 (S.D. Fla. 2003) (holding that in determining whether the Court should exercise its discretion, "consideration [should be] given to the necessity for the litigation and the trial upon the issues raised.").

In this instance, the Court determined the Defendant Michael Bivona deliberately, willfully, and persistently refused to pay the Plaintiff what was plainly owed.  The Court found that the Defendant Bivona refused to pay forcing this trial to go forward, and as a result, awarded the Plaintiff its attorney's fees even though this was an admiralty dispute.  Awards for attorney's fees in such instances have been held to be valid by other courts in this district. Southeastern Marine, 2010 WL 2540701 at * 5.  Therefore, the Court stands by its decision to award the Plaintiff its attorney's fees.

### (2) Whether Attorney's Fees for In Rem Issues are Recoverable

The Defendant objects to fees for hours spent on the Plaintiff's *in rem* claim against the 35' Sea Ray because the Defendant prevailed on that issue.  The Defendant argues that under General Maritime Law and Practice, the Court is required to follow the American Rule and on questions of entitlement to and determining the amount of an award of attorney's fees.  Under the American rule, United States court's follow a general practice of not awarding fees to a prevailing party in a suit. Smalbein v. City of Daytona Beach, 353 F.3d 901, 904 (11th Cir. 2003). Therefore, the Defendant argues the Plaintiff's attorney's fees should not be paid in regards to the *in rem* claim because the Defendant did not even prevail on that claim.

The Defendant's argument that he was the prevailing party regarding the *in rem* claim lacks merit.  The Court determined based upon the testimony and evidence that no contract was ever formed between the parties.  However, the Court did find in favor of the Plaintiff holding that the the rescue of the Sea Ray was a pure salvage.  The Court then entered judgment in favor of the Plaintiff against the Defendant Bivona *in personam*.  Therefore, the Plaintiff was the prevailing party since it prevailed on its claim that the Defendant owed money for the completed salvage services.

Further since the salvage operation was determined to be a pure salvage, the contractual *in rem* claim against the Sea Ray must be found in favor of the vessel.  The two claims are mutually exclusive of one another since there can be no pure salvage in cases where there is an enforceable contract. <u>Key Tow, Inc. v. M/V JUST J's</u>, 2005 WL 3132454 *9 -10 (S.D. Fla. Nov. 1, 2005) (Where there is a contract to undertake salvage services or other service to a distressed vessel there is no pure salvage).

Moreover, the circumstances surrounding the Court's award of attorney's fees did not depend upon the Plaintiff prevailing on every count in the Complaint, or the standard set forth by the American Rule, but upon the Defendant's willful and persistent refusal to pay the Plaintiff what was plainly owed for the services rendered.  Judgment was entered in favor of the Plaintiff and the Defendant's defense of the action was found to be frivolous.  As such the Court found that the Plaintiff's attorney's fees should be paid pursuant to the prevailing case law in the Middle District. <u>See</u> <u>Southeastern Marine, LLC.</u>, 2010 WL 2540701 at * 5.  Thus, the Defendant's objection is overruled.

### *(3) Whether the Attorney's Fees were Reasonable*

The Defendant argues that the Plaintiff's attorney's fees are unreasonable in both the amount of hours expended on the case and the hourly rate billed by the Plaintiff's attorney. A reasonable attorney's fee is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." <u>American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County</u>, 278 F. Supp.2d 1301, 1309 -1310 (M.D.Fla.,2003) (citing <u>Blum v. Stenson</u>, 465 U.S. 886, 888, 104 S.Ct. 1541, 79 L. Ed. 2d 891 (1984)). In this calculation, the court should exclude hours that were not reasonably expended. <u>American Charities</u>, at 1309 -1310 (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L. Ed. 2d 40 (1983)). This

"lodestar" may then be adjusted upward or downward based on other considerations. <u>American Charities</u>, 278 F. Supp. 2d at 1309 -1310 (citing <u>Loranger v. Stierheim</u>, 10 F.3d 776, 781 (11th Cir.1994)). "The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."<u>American Charities</u>, 278 F. Supp. 2d at 1309 (citing <u>Norman v. Housing Authority of City of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir.1988)). With respect to rates, an applicant may meet this burden by producing either direct evidence of rates charged *1310 under similar circumstances, or opinion evidence of reasonable rates. <u>American Charities</u>, 278 F. Supp. 2d at 1309 -1310. In addition, the court may use its own expertise and judgment to make an appropriate, independent assessment of the value of an attorney's services. <u>Id.</u> With respect to hours, if an applicant's documentation "is inadequate, the district court may reduce the award accordingly." <u>Id.</u>

A first step in the computation of the lodestar is determining the reasonable hourly rate. The prevailing market rate for similar services by similarly trained and experienced lawyers in the relevant legal community is the established basis for determining a reasonable hourly rate. <u>Id.</u> (citing <u>Duckworth v. Whisenant</u>, 97 F.3d 1393, 1396 (11th Cir.1996)). Services of paralegals and law clerks are also compensable at market rates. <u>American Charities</u>, 278 F. Supp. 2d at 1309 -1310 (<u>Missouri v. Jenkins by Agyei</u>, 491 U.S. 274, 288-89, 109 S. Ct. 2463, 105 L. Ed. 2d 229 (1989)). The party seeking fees bears the burden of establishing the market rate and should present the court with "specific and detailed evidence" from which it can determine the reasonableness of the proposed rate. <u>Norman</u>, 836 F.2d at 1303.

The Plaintiff's Counsel Butler billed his services at $350.00 per hour which he states is his customary rate for admiralty cases such as this one. Attorney Butler billed at an hourly rate of

$75.00 per hour for travel time between the Tampa/ St. Pete geographical area and Fort Myers for the trial. Attorney Butler states that he has practiced maritime law for eighteen (18) years. Attorney Butler stated in his Affidavit that he worked seventy-five and eight tenths (75.8) hours on this case for a total of $26,530.00.  He further declared that he traveled for three and one half (3.5) hours between his office and Fort Myers for work on this case for a total of $262.50.  The Defendant argues that Atty. Butler's fee should be reduced downward to an hourly rate between $150.00 and $220.00 per hour. However, Atty. Butler has practiced in the field of maritime law for eighteen (18) years.  His hourly rate of $350.00 is in line with the customary hourly rates charged in the southwest Florida area for a maritime attorney with his experience.  Thus, the Court finds that Attorney Butler's hourly rate is reasonable for his services.

The Plaintiff also used the services of Attorney Matthew A. Pruiett, an associate with Atty. Butler's law firm.  Atty. Pruiett worked on drafting discovery requests and various pretrial documents such as the final pretrial statement.  Atty. Pruiett billed at the hourly rate of $200.00 per hour for thirty-one and one half (31.5) hours for a total of $6,300.00.  The Court finds that Atty. Pruiett's hourly rate and the number of hours he spent working on the case was reasonable.  Atty. John D. MacGregor, a former employee at Atty. Butler's law firm spent nine (9) hours drafting the Complaint and one (1) hour reviewing  the In Rem file for a total of ten (10) hours.  He billed at the rate of $250.00 per hour for ten (10) hours for a total of $2,500.00.  Given the nature of the Complaint Atty. MacGregor's time on this case is reasonable. The total amount billed for attorney's fees was $35,592.50.

Regarding the total number of hours spent working on this case.  The case lasted over a year and while there was not a significant amount of motion practice in this case, the case did go through

mediation and proceeded all the way to trial.  Therefore, total hours billed by all three attorneys that worked on this case was not an excessive amount of time given the proceedings.

## *II COSTS*

The Defendant's Counsel's Affidavit states that he spent $585.00 in mediation fees, $350.00 in filing fees for filing this case with the Court, $40.00 in fees for serving the summons, $16.33 in printing costs, and $161.53 in "other costs." The Plaintiff does not dispute the mediation fee, the filing fee, or printing costs.  He does dispute the $161.53 in "other costs."

Twenty eight U.S.C. § 1920 reads in pertinent part:

> [a] judge or clerk of any court of the Untied States may tax as costs the  following:
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic   transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained  for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment decree.

Under § 1920 "other costs" are not recoverable.  The Plaintiff's objection is well taken and the Court will deduct $161.53 from the Defendants proposed costs.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Reliable Salvage and Towing, Inc.'s Motion to Determine the Amount of Attorney's Fees and Tax Costs (Doc. #68) is **GRANTED.**

(1) In addition to the original Judgment of $14,000, the Clerk of the Court is directed to enter an Amended Judgment awarding the Plaintiff, Reliable Salvage and Towing, Inc. Attorney's Fees and Costs as follows:

- The Plaintiff, Reliable Salvage and Towing, Inc. is awarded **$35,592.50** in attorney's fees.

- The Plaintiff, Reliable Salvage and Towing, Inc. is awarded **$991.33** in costs.

(2) The Clerk of the Court is hereby directed to **CLOSE** the case.

**DONE AND ORDERED**  at Fort Myers, Florida, this ___13th___ day of June, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record